UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES RICHARD NEWLIN,<br><br>    Plaintiff,<br><br>v.<br><br>LAKESIDE PEDIATRIC & ADOLESCENT MEDICINE, PLLC; and MARIA LYNNE CENTERS,<br><br>    Defendants. | Case No. 2:24-cv-00539-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

    Pending before the Court is Plaintiff James Richard Newlin's Motion to Appear Remotely (Dkt. 5); Newlin's Motion to Amend Complaint (Dkt. 9); Defendant Lakeside Pediatric & Adolescent Medicine, PLLC's ("Lakeside") Motion to Dismiss and/or for Summary Judgment (Dkt. 11); Newlin's Motion for Partial Summary Judgment (Dkt. 12); Newlin's Motion to Strike Lakeside's Motion to Dismiss and/or for Summary Judgment (Dkt. 16); Defendant Maria Lynne Centers' Motion to Dismiss (Dkt. 21), which joins Lakeside's motion to dismiss; and Lakeside's Motion for a Temporary Restraining Order (Dkt. 30), which seeks injunctive relief but only for the pendency of this litigation.

    Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its

**MEMORANDUM DECISION AND ORDER - 1**

decision-making process, and it decides the motions on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). As explained below, the Court grants Newlin's motion to amend his complaint (Dkt. 9) and Lakeside and Centers' motions to dismiss. (Dkts. 11, 21). The Court denies all other pending motions as moot.

## I.   DISCUSSION

### A.   Newlin's Motion for Leave to Amend

"A party may amend its pleading once as a matter of course no later than . . . 21 days after serving it." Fed. R. Civ. P. 15(a). Here, Newlin served his initial complaint on Centers on November 16, 2024, and on Lakeside on November 21. (Dkt. 8). Then, within twenty-one days, Newlin moved to amend his complaint on December 5. (Dkt. 9). Because Newlin moved to amend his complaint within twenty-one days of serving his initial complaint, Rule 15(a) of the Federal Rules of Civil Procedure allowed him to amend his complaint as a matter of course. Accordingly, the Court grants Newlin's motion to amend and treats his Amended Complaint (Dkt. 10) as the operative complaint for purposes of resolving Defendants' motions to dismiss.

### B.   Lakeside's and Center's Motions to Dismiss

A motion to dismiss is proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the pleadings fail to state a claim on which the court can grant relief. To state a claim, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Courts construe pro se pleadings liberally and give pro se plaintiffs the benefit of the doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, a plaintiff—

whether represented or not—has the burden of articulating his claims clearly and alleging facts sufficient to support the review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

As a preliminary matter, the Court takes judicial notice of the filings in *Newlin v. Idaho Dep't of Health & Welfare et al.*, No. 2:24-cv-00150-DCN (D. Idaho Jul. 7, 2024), to which the Court hereafter refers as *Newlin*. Judicial notice is proper because both parties acknowledge the existence of *Newlin* and the filings in that case, and those filings are in the public record. *See* Fed. R. Evid. 201(b) (providing court may judicially notice facts not subject to reasonable dispute because they are generally known in court's territorial jurisdiction). Because the Court takes judicial notice of *Newlin*, it declines to convert Defendants' motions to dismiss into summary judgment motions. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials . . . [such as] matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").

1.  **Res Judicata**

A defendant may bring a Rule 12(b)(6) motion to dismiss based on the doctrine of res judicata. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). The doctrine bars litigation of any claims the plaintiff raised or could have raised in a prior action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). "In order for res judicata to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).[1] The party seeking to invoke res

---

[1] As a preliminary issue, Newlin contends that "the preclusive effect of a federal court judgment in a diversity action is governed by the law of the state in which the federal court is

judicata bears the burden of establishing these elements. *Save Bull Trout v. Williams*, 51 F.4th 1101, 1107 (9th Cir. 2022). Here, the Court considers *Newlin* and concludes each of the elements of the res judicata doctrine are met. As a result, the Court's dismissal with prejudice in *Newlin* bars this action.

First, Newlin's Amended Complaint shares an identity of claims with those in *Newlin* because the claims in this action arise from the same nucleus of facts alleged in *Newlin*: namely, Newlin's domestic dispute with Centers and Lakeside's care of Newlin's minor child. A party may not avoid preclusion by attaching different labels to previously asserted claims; if the newly articulated claims arise from the "same transactional nucleus of facts," an identity of claims exists. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003). Comparing Newlin's claims in his Amended Complaint in this case with his claims in *Newlin*, the Court finds identical grievances in both cases: Newlin alleges that Lakeside and its employees engaged in unlawful statements (i.e., defamation per se and slander) while treating his minor daughter; Centers falsely reported him for abuse and neglect to state authorities; Centers made untruthful statements about his behavior during the divorce proceeding; Lakeside discriminated against him because of his bipolar disorder; and he has suffered intentional inflection of emotional distress ("IIED"). (*Compare* Dkt. 10 at pp. 2-3, *with* Complaint (Dkt. 1) at pp. 4-10,

---

located" and argues Defendants erroneously rely on federal case law. (Dkt. 17 at p. 2) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp*, 531 U.S. 497 (2001). This argument is without merit because federal law governs the preclusive effect of dismissal by a federal court sitting in diversity, as explained in *Semtek Int'l Inc.*, 531 U.S. at 508, a case which Newlin cites. In that case, the Supreme Court ruled that "federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." *Id.*

**MEMORANDUM DECISION AND ORDER - 4**

13-14, *Newlin*, No. 2:24-cv-00150-DCN (D. Idaho Mar. 21, 2024); Amended Complaint (Dkt. 28) at pp. 4-10, 12-13, 16-17, *Newlin*, No. 2:24-cv-00150-DCN (D. Idaho Jun. 28, 2024)). Further, Newlin's claims against Lakeside for defamation, violations of the Americans with Disabilities Act and the Idaho Human Rights Act, and IIED are either identical to the claims in *Newlin* or relate to the same alleged conduct. Likewise, Newlin's claims against Centers for defamation, "defamation repeater," and IIED apply to the same alleged conduct in *Newlin*. To the extent Newlin's Amended Complaint in this case attaches new labels to his claims, Newlin should have raised any related claim in *Newlin*.

Second, the Court's dismissal with prejudice in *Newlin* is a final decision on the merits. A dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits and, therefore, "precludes a party from reasserting the same claims in a subsequent action in the same court." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005); *see Int'l Union of Operating Engineers-Emps. Const. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) (finding dismissal with prejudice was final judgment on merits preventing reassertion of same claim in subsequent action). In *Newlin*, Newlin moved voluntarily to dismiss his claims. Motion to Dismiss (Dkt. 38), *Newlin*, No. 2:24-cv-00150-DCN (D. Idaho Jul. 7, 2024). Although Newlin cited Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure in support of the dismissal, he specifically requested that the dismissal be with prejudice. *Id.* The Court granted Newlin's motion to dismiss under Rule 41(a)(2) and issued a judgment consistent with that order—dismissing claims against all defendants "with prejudice." Order (Dkt. 45), *Newlin*, No. 2:24-cv-00150-DCN (D. Idaho Jul. 8, 2024); Judgment

**MEMORANDUM DECISION AND ORDER - 5**

(Dkt. 46), *Newlin*, No. 2:24-cv-00150-DCN (D. Idaho Jul. 8, 2024). Thus, the Court's order of dismissal and judgment with prejudice in *Newlin* is a final judgment on the merits.

Third, Newlin's Amended Complaint involved identical parties because Centers and Lakeside are named in both this case and in *Newlin*. (*Compare* Dkt. 10 *with* Order (Dkt. 45), *Newlin*, No. 2:24-cv-00150-DCN (D. Idaho Jul. 8, 2024)). Identical parties are "quite obviously in privity." *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1081. While Newlin argues that Lakeside was never served and, thus, not a party to *Newlin*, Newlin provides no authority suggesting Lakeside's lack of service diminishes the preclusive effect of the Court's judgment in *Newlin*. (Dkt. 17 at pp. 3-4). The judgment in *Newlin* served as a final adjudication of Newlin's claims, is binding on Newlin who was a plaintiff in that case, and precludes Newlin from relitigating his claims in this case, regardless of whether he served Lakeside in *Newlin*.[2]

Having found each element of res judicata is met, the Court concludes the doctrine bars Newlin from relitigating his prior claims asserted in *Newlin* in this case. While federal courts should grant leave to amend when justice so requires, a court need not grant leave when an amendment would be futile. *Compare In re Saxton, Inc. Sec. Lit.*, 156 Fed. App'x 917, 921 (9th Cir. 2005) (reversing a lower court when it did not articulate why amendment would be futile) *with*

---

[2] Even if Lakeside were not a named defendant in *Newlin*, Newlin's argument still fails. Federal courts are not bound by rigid definitions of the parties or their privies but instead may find privity if there is an "express or implied legal relationship" where non-parties in one suit are accountable to parties in another. *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). Newlin named Lakeside's employee, Kayla Ellis, as a defendant in *Newlin*. Meanwhile, Newlin's allegations against Lakeside in his Amended Complaint in this case are based on Ellis's conduct as a Lakeside employee, which imputes liability to Lakeside. This legal relationship between Ellis and Lakeside is sufficient to establish privity between the two parties for purposes of res judicata.

**MEMORANDUM DECISION AND ORDER - 6**

*Bloom v. Martin*, 77 F.3d 318, 321 (9th Cir. 1996) (affirming district court's denial of leave to amend when granting leave would serve no purpose because moving party had no claim for relief). Here, the final judgment with prejudice in *Newlin*, which involved identical parties and claims, bars Newlin's claims in this case under the doctrine of res judicata. Any amended complaint would, likewise, be subject to dismissal for the same reasons. Accordingly, the Court dismisses this case with prejudice.

C.  **Other Pending Motions**

As noted above, the following motions are also pending: Newlin's Motion to Appear Remotely (Dkt. 5); Newlin's Motion for Partial Summary Judgment (Dkt. 12); Newlin's Motion to Strike Lakeside's Motion to Dismiss and/or for Summary Judgment (Dkt. 16); and Lakeside's Motion for a Temporary Restraining Order (Dkt. 30). In this latter motion, Lakeside requests a temporary restraining order or preliminary injunction requiring Newlin to take down a website and "enjoin[ing Newlin] from republishing the website to the internet *for the pendency of this litigation*." (*Id.* at p. 1) (emphasis added); (*see also* Dkt. 30-1 at pp. 2, 8, 9) (specifically limiting requested injunctive relief to "the pendency of this litigation"). Because the Court dismisses this case with prejudice, it denies the remaining pending motions, including Lakeside's request for injunctive relief, as moot.[3]

---

[3] Although Lakeside's Motion for a Temporary Restraining Order (Dkt. 30) is moot because Lakeside specifically limited its request for injunctive relief to the pendency of this litigation, this decision is not a final adjudication on the merits of Lakeside's challenges to Newlin's conduct related to his website.

**MEMORANDUM DECISION AND ORDER - 7**

## II. ORDER

**IT IS ORDERED that:**

1. Newlin's Motion for Leave to Amend Complaint (Dkt. 9) is **GRANTED.**

2. Lakeside's Motion to Dismiss and/or for Summary Judgment (Dkt. 11) is **GRANTED**.

3. Centers' Motion to Dismiss (Dkt. 21) is **GRANTED**.

4. This case is **DISMISSED WITH PREJUDICE** as against **ALL DEFENDANTS**.

5. Newlin's Motion to Appear Remotely (Dkt. 5); Newlin's Motion for Partial Summary Judgment (Dkt. 12); Newlin's Motion to Strike Lakeside's Motion to Dismiss and/or for Summary Judgment (Dkt. 16); and Lakeside's Motion for a Temporary Restraining Order (Dkt. 30) are **DENIED AS MOOT.**

DATED: February 04, 2025

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge